UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

ANGELA YARBROUGH, )
)
    Plaintiff, )
)
v. ) No. 4:15 CV 14
)
INDIANA VETERAN'S HOME, )
)
    Defendant. )

## OPINION and ORDER

This matter is before the court on defendant Indiana Veteran's Home's motion to dismiss plaintiff Angela Yarbrough's *pro se* complaint. (DE # 8.) Plaintiff has not responded to this motion, and the time to do so has now passed. For the following reasons, defendant's motion is granted, in part, and denied, in part.

I.    FACTS

Plaintiff is a 42-year-old African-American woman who was employed by defendant. Plaintiff claims that she experienced two instances of discrimination on the basis of her race while working for defendant. First, plaintiff claims that at one point urine splashed into her eyes, and her supervisors refused to send her out to a clinic, but when a white woman previously had urine splashed in her eyes, she was immediately sent out. (DE # 1 at 3.) Second, plaintiff claims that she asked for vacation time to attend a convention, and was not approved, whereas a white woman who asked for the same vacation time for the same convention was approved. (*Id.*) Plaintiff contends that

defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq.*, by discriminating against her on the basis of her race. (*Id.* at 1-2.)

## II. LEGAL STANDARD

Defendant has moved to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a RULE 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under the liberal notice-pleading requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

III.  **DISCUSSION**

As noted earlier, plaintiff alleges that defendant violated Title VII, which forbids an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [the individual's] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a). Defendant argues that plaintiff's Title VII claim

3

must be dismissed because plaintiff has failed to allege that she suffered an adverse employment action.

The Seventh Circuit has stated that plaintiffs alleging employment discrimination under Title VII "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original)). "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [racial] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race]." *See Tamayo*, 526 F.3d at 1084; *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (same); *Huri v. Circuit Court of Cook County*, No. 11 C 3675, 2012 WL 1431268, at *3 (N.D. Ill. Apr. 25, 2012) ("For a Title VII discrimination claim, a plaintiff must allege facts that plausibly suggest that the defendant employer 'instituted an adverse employment action against [the plaintiff] on the basis of her' protected characteristic." (quoting *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011))).

Adverse employment actions are usually "economic injuries such as dismissal, suspension, failure to promote, or diminution in pay." *Markel v. Bd. of Regents of Univ. of Wis. Sys.*, 276 F.3d 906, 911 (7th Cir. 2002); *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761-62 (1998) ("A tangible employment action in most cases inflicts direct economic harm."). An adverse employment action can also be one that imposes future financial

4

harm because it "significantly reduces the employee's career prospects by preventing him from using the skills in which he is trained and experienced, so that the skills are likely to atrophy and his career is likely to be stunted." *Herrnreiter v. Chi. Hous. Auth.*, 315 F.3d 742, 744 (7th Cir. 2002) Or it can be an action that subjects the employee to changes in his condition that are "humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative." *Id.* In any scenario, an adverse employment action must be something that "materially alter[s] the terms and conditions of employment." *Stutler v. Ill. Dep't of Corrs.*, 263 F.3d 698, 703 (7th Cir. 2001); *see also Porter v. City of Chi.*, 700 F.3d 944, 954 (7th Cir. 2012) (same).

In her complaint, plaintiff has alleged two possible adverse employment actions: first, that plaintiff was not sent to a clinic after urine was splashed in her eyes, and second, that plaintiff was denied a vacation request. Denial of preferred vacation time does not constitute an adverse employment action. *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). However, plaintiff's allegations regarding the denial of medical treatment are, at this stage of the litigation, sufficient to survive defendant's motion to dismiss. *Plata v. Eureka Locker, Inc.*, No. 12-1497, 2013 WL 1364092, at *7 (C.D. Ill. Apr. 3, 2013) (allegations that plaintiff was denied aid kits, gloves, and medical treatment sufficient to survive motion to dismiss). Accordingly, defendant's motion to dismiss will be granted, in part, and denied, in part.

## IV. CONCLUSION

Defendant's motion to dismiss (DE # 8) is **GRANTED, in part, and DENIED, in part.** Plaintiff's case, insofar as it alleges a denial of medical treatment on the basis of race, survives.

**SO ORDERED.**

Date: February 18, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT