UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ANGELA YARBROUGH, )<br>  Plaintiff, )<br>         )<br>  v.        )<br>          )<br>INDIANA VETERANS HOME, )<br>  Defendant. ) | CAUSE NO.: 4:15-CV-14-PPS-PRC |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a State Defendants' Motion to Dismiss [DE 32], filed by Defendant Indiana Veterans Home on March 17, 2017. Plaintiff Angela Yarbrough, *pro se*, has filed no response, and the time to do so has passed.

On March 20, 2017, District Court Judge Philip P. Simon entered an Order [DE 33] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report and Recommendation constitutes the undersigned Magistrate Judge's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**BACKGROUND**

Plaintiff initiated this lawsuit by filing a Complaint on February 17, 2015.

The Court attempted to hold a Rule 16 Preliminary Pretrial Conference on March 24, 2016, but the Court was unable to reach Plaintiff at her telephone number of record and the Court was unable to leave a message for Plaintiff.

On August 10, 2016, Defendant served a set of Interrogatories and Requests for Production of Documents on Plaintiff. The original deadline for Plaintiff to respond was September 12, 2016.

On September 29, 2016, having not received responses to the discovery, counsel for Defendants sent Plaintiff a letter in an informal attempt to resolve the discovery issue. No response to this letter was received. Another letter was sent on November 23, 2016, and counsel for Defendants also tried to call Plaintiff at the telephone number listed in her Complaint. Plaintiff could not be reached at this number, and no response to the November letter was received.

On December 19, 2016, Defendant filed a Motion to Compel. Plaintiff did not respond to that Motion. The Court granted that Motion on January 11, 2017. The Court ordered Plaintiff to serve her discovery responses by February 1, 2017. The Court warned Plaintiff that failure to serve her responses by the deadline or to otherwise comply with the Federal Rules of Civil Procedure could lead to dismissal of her case with prejudice under Federal Rules of Civil Procedure 37 or 41.

On February 10, 2017, Defendant filed a status report indicating that it had not received discovery responses from Plaintiff.

The Court ordered Plaintiff to file a status report by March 1, 2017, indicating whether she intended to continue to litigate this case and indicating whether she had provided the discovery responses.

On February 24, 2017, Plaintiff filed a Motion for Extension of Time, in which she indicated that she wished to continue to litigate her case and requested an extension of time for the discovery responses. The Court held a hearing on that motion on March 16, 2017, at which Plaintiff stated that she had received the discovery requests and that she had not yet fully read them.

## ANALYSIS

Defendant argues that this cause of action should be dismissed under Federal Rules of Civil Procedure 37 and 41.

2

Rule 37 provides that "[i]f a party . . . fails to obey an order to provide discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding . . . ." Fed. R. Civ. P. 37(b)(2)(A). The decision of whether to award sanctions under Rule 37 is a matter within the Court's discretion. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). In deciding to award sanctions under Rule 37, a court is not required to choose the least severe sanction available; rather, the sanction that the Court selects "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Id*. (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739 n.5 (7th Cir. 1998)). The sanction of dismissal is to be used only in extreme situations. *Id.* (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983))."[T]o dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (upholding dismissal under Rule 37(d) as a sanction for a party's failure to appear for a deposition after being served with proper notice).

In its January 11, 2017 Order, the Court explicitly warned Plaintiff that this cause of action might be dismissed if Plaintiff failed to comply with the Federal Rules of Civil Procedure or Orders issued by the Court. The undersigned finds that Plaintiff willfully failed to respond to the written discovery requests served on her as mandated by the Federal Rules and as ordered by the Court. Despite the original September 2016 deadline and the court-ordered February 2017 deadline to respond to the discovery having already passed, Plaintiff stated on March 16, 2017, that she had not even fully read the entire discovery requests. This case presents one of the extreme situations in which the sanction of dismissal is warranted. The undersigned recommends that this case be dismissed pursuant to Rule 37(b)(2)(A).

3

Defendant also argues that dismissal under Rule 41 is appropriate. Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Under Rule 41(b), a court should only dismiss a case when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (citing *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2000)); *see also Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *see also Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993) (indicating that "[t]here should be an explicit warning in every case"). In considering such a dismissal, a district court should consider numerous factors, including the frequency and magnitude of the plaintiff's conduct, the prejudice to the defendant, the disruption to the orderly administration of the court's calendar, and the merits of the underlying litigation. *See Williams*, 155 F.3d at 857; *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000).

Plaintiff has been explicitly warned that this cause of action may be dismissed if Plaintiff failed to comply with the Federal Rules of Civil Procedure or Orders issued by the Court. Despite this warning, Plaintiff failed to comply with the Court's Order to serve her discovery responses by February 1, 2017.

Further, there is a clear record of delay in this case. In addition to the months-overdue discovery responses, Plaintiff's participation in this case has been minimal. After she filed her Complaint and a Motion for Leave to Proceed In Forma Pauperis on February 17, 2015, the Court is unaware of any participation by Plaintiff in this case until she filed her Motion for Extension of

4

Time two years later on February 24, 2017. Defendant represents that Plaintiff has done nothing to prosecute her claims. Additionally, Plaintiff stated at the March 16, 2017 hearing that she had not yet fully read the discovery requests that she received. Plaintiff's delay has been long and seemingly continuous. Plaintiff's failure to respond to the discovery requests prejudices Defendant because Defendant needs to explore the allegations made in the Complaint. Plaintiff's failure to respond to the discovery requests has, thus far, required this Court to rule on motions and hold a hearing. Upon review of the Complaint, the merits of the underlying litigation do not appear strong enough to warrant continuation of this cause of action in light of the other factors weighing in favor of dismissal. The undersigned agrees with Defendant that dismissal with prejudice is also appropriate under Rule 41(b) and recommends that this cause of action be dismissed on that basis as well.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** the State Defendants' Motion to Dismiss [DE 32] and **DISMISS with prejudice** this cause of action under Federal Rules of Civil Procedure 37(d) and 41(b).

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *E.g.*, *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 6th day of April, 2017.

/s Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   Plaintiff, *pro se*